

FILED
JUN 0 6 2005
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA, and CAROL E. BALL, M.D., <br><br>Plaintiffs, <br><br>v. <br><br>MIKE ROUNDS, Governor, and LARRY LONG, Attorney General, in their official capacities, <br><br>Defendants. | Civil Case No.: 05-4077 <br><br><br>COMPLAINT |

Plaintiffs, for their Complaint against the above-named Defendants, state and allege as follows:

## I.    NATURE OF THE ACTION

1.  This action is brought pursuant to 42 U.S.C. § 1983. Plaintiffs seek a declaration that several provisions of South Dakota law scheduled to go into effect on July 1, 2005 are unconstitutional, and injunctive relief precluding enforcement of these provisions.

2.  By requiring physicians who perform abortions to state in writing to any pregnant woman desiring to terminate her pregnancy that "the abortion will terminate the life of a whole, separate, unique, living human being," that "the pregnant woman has an existing relationship with that unborn human being and that the relationship enjoys protection under the United States Constitution and under the laws of South Dakota" and that "by having an abortion, her existing relationship and her existing constitutional rights with regards to that relationship will be

terminated," and by requiring that the physician who is to perform the abortion "shall certify in writing" that all of the state-mandated disclosures have been made and that the "physician is, to the best of his or her ability, satisfied that the pregnant woman has read" the state-mandated disclosures and that "the physician believes she understands the information imparted," the pending requirements in South Dakota Codified Laws § 34-23A-10.1(1)(b)(c)(d) and (2) unconstitutionally force physicians to articulate the State's abortion ideology and opinions and indoctrinate pregnant women so they understand the State's abortion ideology and opinions, in violation of the physicians' First and Fourteenth Amendment rights.

3. By forcing any pregnant woman desiring to terminate her pregnancy to be told by her physician in writing that "the abortion will terminate the life of a whole, separate, unique, living human being," that "the pregnant woman has an existing relationship with that unborn human being and that the relationship enjoys protection under the United States Constitution and under the laws of South Dakota" and that "by having an abortion, her existing relationship and her existing constitutional rights with regards to that relationship will be terminated," and by forcing the pregnant woman to "sign[] each page" of the state-mandated written disclosures "with the certification that she has read and understands all of the disclosures," the pending requirements in South Dakota Codified Laws § 34-23A-10.1(1)(b)(c)(d) violate pregnant women's First and Fourteenth Amendment rights to be free from forced receipt, indoctrination and understanding of the state's abortion ideology and opinions, and unduly burden women's right to choose abortion in violation of their rights to privacy and liberty guaranteed by the Fourteenth Amendment by forcing women to receive and understand information that is not

truthful, non-misleading factual information concerning the abortion procedure, attendant health risks or risks of childbirth.

4. The pending requirements in South Dakota Codified Laws § 34-23A-10.1(1)(e)(i) and (ii) that no physician may perform an abortion unless that physician first provides any pregnant woman desiring to terminate her pregnancy a statement in writing that sets forth, in addition to risks and facts required by the common law to be disclosed, a "description of all known medical risks of the procedure and statistically significant risk factors to which the pregnant woman would be subjected, including: depression and related psychological distress; [and] increased risk of suicide ideation and suicide[,]" are unconstitutionally vague because they are so imprecise and broadly worded as to put Plaintiffs and their staff members at risk of criminal prosecution every time they provide an abortion, and also unconstitutional because they impose an undue burden on the right of a woman to choose abortion. In addition, the pending requirements in South Dakota Codified Laws § 34-23A-10.1(2)(c) that no physician may perform an abortion unless "the physician who is to perform the abortion, or [] the referring physician, or an agent of both, at least twenty-four hours before the abortion," provides any pregnant woman desiring to terminate her pregnancy with the "name, address, and telephone number of a pregnancy help center in reasonable proximity of the abortion facility where the abortion will be performed" is unconstitutionally vague because the undefined phrase pregnancy help center is so imprecise and broadly worded as to put Plaintiffs and their staff members at risk of criminal prosecution every time they provide an abortion.

5. The pending requirements in South Dakota Codified Laws § 34-23A-10.1 that a medically emergent abortion to which the pregnant woman has not consented may not be

3

performed "unless the physician determines that obtaining an informed consent is *impossible* due to a medical emergency and further determines that delaying in performing the procedure until an informed consent can be obtained from the pregnant woman or her next of kin in accordance with chapter 34-12C is *impossible* due to the medical emergency," are unconstitutional because they endanger women's health and life in violation of their Fourteenth Amendment rights to an abortion to protect their lives or health, and because they put Plaintiffs and their staff members at risk of criminal prosecution in violation of their due process rights every time they provide an emergent abortion without prior informed consent.

6. The challenged provisions, if allowed to go into effect on July 1, 2005, would impose irreparable harm on women needing abortions in South Dakota and on plaintiffs.

7. The pending requirements in South Dakota Codified Laws § 34-23A-10.3 that the South Dakota Health Department prepare written materials to be distributed to a pregnant woman who desires to terminate her pregnancy that are designed to inform the woman of the state-mandated disclosures also appear unconstitutional, but because the State has until one hundred eighty days after July 1, 2005 to prepare the materials, and because Plaintiffs believe the materials are not yet available, any challenge to this provision is reserved at this time.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

4

9. Venue is proper in the District of South Dakota, Southern Division, pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and the events giving rise to plaintiffs' claims occur therein.

### III.   THE PARTIES

10. Plaintiff Planned Parenthood Minnesota, North Dakota, South Dakota (hereafter "Planned Parenthood") is a not-for-profit Minnesota corporation registered as a foreign corporation doing business in South Dakota. Planned Parenthood operates medical clinics in South Dakota in Sioux Falls and Rapid City. Planned Parenthood annually provides reproductive health care services to many patients at its South Dakota clinics. Planned Parenthood's services include physical exams, contraception and contraceptive counseling, screening and treatment for cervical cancer, screening for breast cancer, testing for HIV and sexually transmitted infections, pregnancy testing and counseling, and abortion services. Abortions are performed only in the Sioux Falls clinic.

11. Carol E. Ball, M.D., is a Board Certified obstetrician and gynecologist licensed to practice medicine in both Minnesota and South Dakota. She is the Medical Director of Planned Parenthood. As part of her responsibilities as Medical Director, she provides an array of medical services at Planned Parenthood's Sioux Falls clinic, including abortions. Dr. Ball brings this action on her own behalf and on behalf of her patients, who presently or in the future desire, or may desire, abortion services.

12. Defendant Mike Rounds is the Governor of the State of South Dakota. He is responsible, under South Dakota law, to "see that the laws of the state are faithfully and impartially executed." S.D. Codified Laws Ann. § 1-7-1; S.D. Const. Art. IV, Sec. 3. He is

charged with the enforcement of the challenged provisions. Defendant Rounds is sued in his official capacity as Governor of the State of South Dakota.

13. Defendant Larry Long is the Attorney General of the State of South Dakota. He is the chief law enforcement officer of the State of South Dakota and, when the welfare of the state so demands, has the obligation to prosecute any matter in which the state may be interested. Pursuant to South Dakota law, he also exercises supervision over the state's attorneys. S.D. Codified Laws Ann. § 1-11-1. Defendant Long is sued in his official capacity.

## IV. STATUTORY REQUIREMENTS

14. South Dakota Codified Laws, § 34-23A-10.1, as scheduled to go into effect on July 1, 2005 provides, in part, that:

> No abortion may be performed unless the physician first obtains a voluntary and informed written consent of the pregnant woman upon whom the physician intends to perform the abortion, unless the physician determines that obtaining an informed consent is impossible due to a medical emergency and further determines that delaying in performing the procedure until an informed consent can be obtained from the pregnant woman or her next of kin in accordance with Chapter 34-12C is impossible due to the medical emergency, which determinations shall then be documented in the medical records of the patient. A consent to an abortion is not voluntary and informed, unless, in addition to any other information that must be disclosed under the common law doctrine, the physician provides that pregnant woman with the following information:
>
> (1) A statement in writing providing the following information:
>
> * * *
>
> (b) That the abortion will terminate the life of a whole, separate, unique, living human being;
> (c) That the pregnant woman has an existing relationship with that unborn human being and that the relationship enjoys protection under the United States Constitution and under the laws of South Dakota;

6

(d) That by having an abortion, her existing relationship and her existing constitutional rights with regards to that relationship will be terminated;
(e) A description of all known medical risks of the procedure and statistically significant risk factors to which the pregnant woman would be subjected, including:

    (i) Depression and related psychological distress;
    (ii) Increased risk of suicide ideation and suicide;

\* \* \*

The disclosures set forth above shall be provided to the pregnant woman in writing and in person no later than two hours before the procedure is to be performed. The physician shall ensure that the pregnant woman signs each page of the written disclosure with the certification that she has read and understands all of the disclosures, prior to the patient signing a consent for the procedure. If the pregnant woman asks for a clarification or explanation of any particular disclosure, or asks any other question about a matter of significance to her, the explanation or answer shall be made in writing and be given to the pregnant woman before signing a consent for the procedure and shall be made part of the permanent medical record of the patient;

(2) A statement by telephone or in person, by the physician who is to perform the abortion, or by the referring physician, or by an agent of both, at least twenty-four hours before the abortion, providing the following information:

\* \* \*

(c) The name, address, and telephone number of a pregnancy help center in reasonable proximity of the abortion facility where the abortion will be performed;

\* \* \*

Prior to the pregnant woman signing a consent to the abortion, she shall sign a written statement that indicates that the requirements of this section have been complied with. Prior to the performance of the abortion, the physician who is to perform the abortion shall receive a copy of the written disclosure documents required by this section, and shall certify in writing that all of the information described in those subdivisions has been provided to the pregnant woman, that the physician is, to the best of his or her ability, satisfied that the pregnant woman has read the materials which are required to be disclosed, and that the physician believes she understands the information imparted.

15.     South Dakota Codified Laws, § 34-23A-10.2, provides, in part, that a physician who, knowingly or in reckless disregard, violates § 34-23A-2.1, 34-23A-7, or 34-23A-10.1 is guilty of a Class 2 misdemeanor.

## COUNT I

16.     Plaintiffs hereby incorporate by reference paragraphs 1 through 15 above.

17.     By requiring physicians who perform abortions to state in writing to any pregnant woman desiring to terminate her pregnancy that "the abortion will terminate the life of a whole, separate, unique, living human being," that "the pregnant woman has an existing relationship with that unborn human being and that the relationship enjoys protection under the United States Constitution and under the laws of South Dakota" and that "by having an abortion, her existing relationship and her existing constitutional rights with regards to that relationship will be terminated," and by requiring that the physician who is to perform the abortion "shall certify in writing" that all of the state-mandated disclosures have been made and that "the physician is, to the best of his or her ability, satisfied that the pregnant woman has read" the state-mandated disclosures and that "the physician believes she understands the information imparted," South Dakota Codified Laws § 34-23A-10.1(1)(b)(c)(d) and (2) unconstitutionally force physicians to articulate the State's abortion ideology and opinions and indoctrinate pregnant women so they understand the State's abortion ideology and opinions, in violation of the physicians' First and Fourteenth Amendment rights.

18.     By forcing any pregnant woman desiring to terminate her pregnancy to be told by her physician in writing that "the abortion will terminate the life of a whole, separate, unique,

8

living human being," that "the pregnant woman has an existing relationship with that unborn human being and that the relationship enjoys protection under the United States Constitution and under the laws of South Dakota" and that "by having an abortion, her existing relationship and her existing constitutional rights with regards to that relationship will be terminated," and by forcing the pregnant woman to "sign[] each page" of the state-mandated written disclosures "with the certification that she has read and understands all of the disclosures," South Dakota Codified Laws § 34-23A-10.1(1)(b)(c)(d) violate pregnant women's First and Fourteenth Amendment rights to be free from forced receipt, indoctrination and understanding of the state's abortion ideology and opinions, and unduly burden women's right to choose abortion in violation of their right to privacy and liberty guaranteed by the Fourteenth Amendment by forcing women to receive and understand information that is not truthful, non-misleading factual information concerning the abortion procedure, attendant health risks or risks of childbirth.

## COUNT II

19.  Plaintiffs hereby incorporate by reference paragraphs 1 through 15 above.

20.  By failing to give adequate notice of the conduct proscribed, South Dakota Codified Laws § 34-23A-10.1(1)(e)(i)(ii) and (2)(c) are impermissibly vague in violation of the due process clause of the Fourteenth Amendment. It is impossible to determine what these provisions require. Plaintiffs are left guessing at the meaning of these provisions and do not know what actions satisfy these requirements such that Plaintiffs can avoid criminal prosecution.

21.  The questions raised by the uncertainty of these provisions are numerous. For example, the requirements that physicians inform women desiring to terminate their pregnancy by abortion of "all known medical risks of the procedure and statistically significant risk factors

9

to which the pregnant woman would be subjected" appear to require the disclosure of statistically insignificant risks of the procedure, but provide no guidance as to how a physician can determine that an insignificant risk is sufficiently known to require disclosure, and no guidance as to whom the insignificant risk must be "known." Nor is any guidance provided regarding the difference between "all known medical risks of the procedure" and the "statistically significant risk factors to which the pregnant woman would be subjected", though physicians must provide information with respect to both. When viewed against the background of the pre-existing and statutorily-affirmed duty to disclose to the pregnant woman all facts about the nature of the abortion procedure, the risks of the procedure, and the alternatives to the procedure that a reasonable patient would consider significant to her decision of whether to undergo or forego the procedure, it appears that the new law is requiring disclosure of insignificant risks that a reasonable patient would consider to be insignificant to her decision. Moreover, to the extent the law is suggesting by listing depression and related psychological distress and increased risk of suicide ideation and suicide that these are statistically significant risks of abortion about which women must be informed, the law is suggesting that physicians provide false or misleading information to women. In addition, plaintiffs do not know and cannot tell just which entities qualify as a "pregnancy help center", such that they can provide contact information regarding same to women desiring to undergo an abortion. The phrase is undefined.

22.   Consequently, plaintiffs and other abortion providers will have to guess as to how to comply with the South Dakota Codified Laws § 34-23A-10.1(1)(e)(i)(ii) and (2)(c), and will never know with reasonable certainty whether they have satisfied these provisions. Similarly,

10

because of the lack of precise standards on which to judge compliance, Defendants will be free to interpret these provisions in a discriminatory and inconsistent basis.

23. A principal effect of the lack of clarity in South Dakota Codified Laws § 34-23A-10.1(1)(e)(i)(ii) and (2)(c) is to chill the willingness of physicians to provide abortions, which results in an undue burden on women's right to choose abortion in violation of their right to privacy and liberty guaranteed by the Fourteenth Amendment.

### COUNT III

24. Plaintiffs hereby incorporate by reference paragraphs 1 through 15 above.

25. South Dakota Codified Laws § 34-23A-10.1 also violates women's Fourteenth Amendment rights to an abortion to protect their lives or health because it contains an inadequate health exception. By allowing emergent abortions without the pregnant woman's consent only if the physician determines that "obtaining an informed consent is *impossible* due to a medical emergency and further determines that delaying in performing the procedure until an informed consent can be obtained from the pregnant woman or her next of kin in accordance with chapter 34-12C is *impossible* due to the medical emergency," the Act does not excuse compliance whenever the physician determines in good faith that the woman's condition necessitates an immediate abortion in order to preserve her health or life. Rather, the physician must not only determine that such a condition exists; but the physician must also determine that due to medical emergency it is "impossible" to delay her abortion in order to comply with the Act. This additional requirement of "impossibility" will cause delay in the performance of emergent abortions without consent, thereby increasing the medical risk to the pregnant woman in violation of her constitutional rights.

11

26. South Dakota Codified Laws § 34-23A-10.1 will also make it impossible in many circumstances for Plaintiffs and abortion providers to know what actions will satisfy this statute at the time that a decision whether to perform an emergent abortion in the absence of the woman's informed consent has to be made. This violates Plaintiffs' due process rights under the Fourteenth Amendment. Determining whether it is impossible to obtain legal informed consent from the woman's next of kin in a timely manner is something that could frequently be known only in hindsight, but a physician is nonetheless potentially subject to criminal liability if it should turn out that it was possible to obtain legal informed consent from the next of kin before the emergent abortion needed to be performed.

WHEREFORE, Plaintiffs request that this Court:

(1) issue a preliminary injunction and a permanent injunction restraining Defendants, their employees, agents and successors in office from enforcing the unconstitutional provisions of South Dakota Codified Laws § 34-23A-10.1 (1), (1)(b)(c)(d)(e)(i)(ii), (2) and (2)(c);

(2) enter judgment declaring South Dakota Codified Laws § 34-23A-10.1 (1), (1)(b)(c)(d)(e)(i)(ii), (2) and (2)(c) to be in violation of the United States Constitution;

(3) enter judgment against Defendants and in favor of Plaintiffs for their costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by law; and

12

(4) grant such other and further relief as this Court should find just and proper.

Dated: June __3__, 2005

DORSEY & WHITNEY LLP

By: *Stephen D. Bell*
Stephen D. Bell (S.D. Bar # 3488)
Republic Plaza Building
Suite 4700
370 17th Street
Denver, CO 80202-5647
Telephone: (303) 629-3400
Fax: (303) 629-3450 :
E-mail bell.steve@Dorsey.com


DORSEY & WHITNEY LLP
Timothy E. Branson (MN Bar # 174713)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Fax: (612) 340-2868


Roger Evans
Planned Parenthood Federation of America
434 West 33rd Street
New York City, New York 10001
Telephone: (212) 541-7800
Fax: (212) 247-6811

ATTORNEYS FOR PLAINTIFFS