UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA, and CAROL E. BALL, M.D., | ) ) ) ) ) | Civ. 05-4077-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE OR LIMIT |
| MIKE ROUNDS, Governor, and LARRY LONG, Attorney General, in their official capacities, | ) ) ) ) | INTERVENORS' RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED |
| Defendants, | ) ) | |
| ALPHA CENTER, BLACK HILLS CRISIS PREGNANCY CENTER, d/b/a Care Net, DR. GLENN RIDDER, M.D., and ELEANOR D. LARSEN, M.A., L.S.W.A., | ) ) ) ) ) ) | |
| Intervenors. | ) | |

Plaintiffs move to strike or limit intervenors' Rule 56.1 statement of material facts as to which there is no genuine issue to be tried. Alternatively, plaintiffs request the court to order intervenors to redraft and refile their statement, limiting the revised statement to the subjects of their motion and the requirements of D.S.D. Civ. LR 56.1(a). Intervenors oppose the motion. The motion is granted.

## DISCUSSION

Plaintiffs argue that intervenors' 73-page Rule 56.1 statement of material facts consists principally of factual and legal arguments and violates

Rule 56.1(a), which requires that such statements be "short and concise." Plaintiffs further argue that because the issues before the court are limited to the constitutionality of the statutory biological and relationship disclosures, the document includes facts that are not material, such as the statute's history and purpose, Planned Parenthood's practices in its Sioux Falls clinic, physician-patient relationships at Planned Parenthood, Planned Parenthood's legal duties to their patients, and increased risk of suicide. Plaintiffs finally argue that many of the statements within the document include argument rather than material facts.

> Rule 56.1(a) states:
>
> All motions for summary judgment shall be accompanied by a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Each material fact shall be presented in a separate numbered statement with an appropriate citation to the record in the case.

"[T]he application of local rules is a matter peculiarly within the district court's province." Yannacopoulos v. General Dynamics Corp., 75 F.3d 1298, 1305 (8th Cir. 1996) (internal quotations and citation omitted). The court is vested with a large measure of discretion in applying local rules. Silberstein v. IRS, 16 F.3d 858, 860 (8th Cir. 1994). Thus, the district court has the authority to strictly enforce its own rules.

Intervenors also assert that plaintiffs are estopped from contesting their statement of material facts because the statement is substantially similar to the statement that was submitted in the prior round of summary judgment

motions and plaintiffs accepted the earlier version of the statement. Because the intervenors were terminated as a party by this court before plaintiffs' response to the intervenors' summary judgment filings were due, plaintiffs took no action to accept or object to intervenors' earlier filing. Thus, plaintiffs are not estopped from challenging intervenors' Rule 56.1 statement.

## I. Subject Matter of Intervenors' Rule 56.1 Statement

### A. History, Purpose, and Motivation of Statute

Plaintiffs argue that information regarding the legislature's motive in passing the statute should not be included in intervenors' Rule 56.1 statement because the issue pertaining to the state's interest in passing the statute is not before the court. Plaintiffs emphasize that it is undisputed that South Dakota has a valid interest in ensuring that a woman's choice to have an abortion is informed. Plaintiffs argue that as a result, in order for facts to be considered material in this case, the facts must relate to whether the statute's disclosures are truthful and nonmisleading. Plaintiffs further argue that intervenors have not explained how these facts relate to whether the biological and relationship disclosures are truthful and nonmisleading.

Intervenors argue that such facts reveal the nature of the interests that the state was seeking to protect when it adopted the statute as well as the weight of these interests, both of which are relevant to determining whether a statute is constitutional. Additionally, intervenors assert that the court needs

to assess the interests the legislature was seeking to protect before determining and applying the appropriate level of judicial review to the statute. Intervenors finally argue that in cases involving claims that a statute is unconstitutional, it is commonplace for both the litigants and courts to discuss the background of the statute in question in the context of factual information.

Paragraphs 1 through 23 of intervenors' Rule 56.1 statement purport to set forth facts related to evidence heard by the legislature when passing the statute, the purpose and interests of the statute, and the requirements of the statute. While intervenors cite all of these paragraphs in their brief filed in support of their motion for partial summary judgment, it does not necessarily cause the statements to be material or relevant to intervenors' legal arguments. In fact, numerous times throughout their brief, intervenors make a single assertion and cite numerous paragraphs from their Rule 56.1 statement, some of which are not material to or do not support the assertion in their brief. Accordingly, the court finds that intervenors' Rule 56.1 statement does not comply with Rule 56.1, which requires the moving party to file a "short and concise statement of the material facts as to which [it] contends there is no genuine issue to be tried." Additionally, many of the paragraphs in intervenors' Rule 56.1 statement contain numerous sentences, a violation of Rule 56.1, which mandates that "[e]ach material fact shall be

presented in a separate numbered statement." As a result of these violations, the court orders intervenors to revise their Rule 56.1 statement. To the extent intervenors believe facts regarding the history, purpose, and motivation of the statute are material to the court's determination of the constitutionality of the statute and actually rely upon such facts in their brief, intervenors may leave such facts in their revised Rule 56.1 statement. But to the extent such facts are not relied upon by intervenors in making legal arguments, those statements must be removed so as to not impose a burden either on opposing counsel to respond to such statements or on the court to sift through the document to find the material facts.

### B. Practices of Planned Parenthood

Plaintiffs argue that factual information about Planned Parenthood's practices and procedures should not be included in intervenors' Rule 56.1 statement. Plaintiffs assert that intervenors have failed to explain how these facts relate to whether the biological and relationship disclosures are truthful and nonmisleading. Intervenors assert that such facts confirm the information about the inadequacy of the informed consent process at Planned Parenthood that was presented to the legislature. Intervenors submit that this information demonstrates the legislature's rationale for adopting the statute, in particular, the legislature's conclusion that the current process was inadequate to protect the pregnant mothers' rights to make an informed

5

decision. Intervenors also argue that such information supports the notion that plaintiffs do not have standing to assert the rights of their patients because plaintiffs' interests and those of the pregnant women whose interests they are asserting are in conflict with one another.

Paragraphs 24 through 105 of intervenors' Rule 56.1 statement allege to set forth facts related to Planned Parenthood's practices and procedures and the knowledge of its employees in relation to information provided to women before abortions. As stated above, although intervenors cite all of these paragraphs in their brief, that does not mean that the statements are material or relevant to their legal arguments. Indeed, intervenors make broad assertions in their brief, citing a wide range of paragraphs, some of which are not material or supportive of the assertion. Because intervenors included facts that are not material to their legal arguments in their Rule 56.1 statement, the court finds that they have violated Rule 56.1 because their Rule 56.1 statement fails to include a "short and concise statement of the material facts." Further, as mentioned above, numerous paragraphs contain more than one sentence, which also violates Rule 56.1 because the material facts are not presented in separate numbered statements. These violations provide another basis for the court to order intervenors to revise their Rule 56.1 statement. Similar to the facts surrounding the statute, to the extent intervenors believe facts regarding the practices, procedures, and

qualifications of Planned Parenthood employees are material to the court's determination of the constitutionality of the statute and actually rely upon such facts in their brief, intervenors may include such facts in their revised Rule 56.1 statement. But to the extent such facts are not relied upon by intervenors in making legal arguments, those statements must be removed.

      **C.**    **Suicide Disclosure**

Plaintiffs argue that intervenors improperly included facts about abortion causing an increased risk of suicide in their Rule 56.1 statement because that issue is not before the court. Plaintiffs point out that intervenors only moved for summary judgment with regards to the biological and relationship disclosures, not the suicide disclosure. Intervenors admit that their motion did not seek relief on the suicide disclosure, but note that they anticipated that plaintiffs and state defendants would be seeking judgment on this disclosure and, as such, included this information. Intervenors assert that it would be a waste of resources to strike this information because the information would be resubmitted as part of their responses to the motions of plaintiffs and state defendants.

Specifically, paragraph 155 and other paragraphs located throughout intervenors' Rule 56.1 statement mention and discuss evidence that an abortion places a woman at risk for depression and increased risk of suicide and suicide ideation. Intervenors have moved for partial summary judgment

with regards to the biological and relationship disclosures, but not the suicide disclosure. Therefore, it is inappropriate to include any facts related to the suicide disclosure in intervenors' Rule 56.1 statement. The fact that intervenors anticipated that plaintiffs and state defendants would move for summary judgment on the suicide disclosure is irrelevant because the proper course of action is for the intervenors to respond to the other parties' motions. Thus, the intervenors' revised Rule 56.1 statement should not include any statements with regards to the suicide disclosure.

II.     **Argumentative Facts**

Plaintiffs argue that many of the facts included in intervenors' Rule 56.1 statement are argumentative. As an example, plaintiffs point to paragraph 143, arguing that it contains a blanket, uncited assertion about word usage in the English language, personal views of an embryologist and molecular biologist about the word "whole" even though they have no personal knowledge as to the legislature's intent in using the word, and the prediction that patients will understand the term with proper counseling. Plaintiffs insist that paragraph 143 is not an isolated instance of pure argument. Intervenors assert that the information presented in their Rule 56.1 motion is factual in nature.

The purpose of Rule 56.1 statements is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments.

Consequently, a party may not use its Rule 56.1 statement to circumvent the 25-page limitation on legal briefs. Intervenors' Rule 56.1 statement contains legal argument and conclusory assertions too numerous for the court to enumerate. Such use of a Rule 56.1 statement violates the requirements of the rule that such submissions be restricted to concise statements of material facts. Therefore, intervenors are ordered to submit only facts in their revised Rule 56.1 statement.

 Accordingly, it is hereby

 ORDERED that the plaintiffs' motion to strike or limit intervenors' Rule 56.1 statement of material facts as to which there is no genuine issue to be tried (Docket 278) is granted.

 IT IS FURTHER ORDERED that the intervenors shall serve and file a revised Rule 56.1 statement of undisputed material facts consistent with this opinion on or before **January 21, 2009**. Plaintiffs may file a response to intervenors' Rule 56.1 statement on or before **February 4, 2009**.

 Dated January 7, 2009.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        CHIEF JUDGE