UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA, and CAROL E. BALL, M.D., | ) ) ) ) ) | Civ. 05-4077-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| MIKE ROUNDS, Governor, and LARRY LONG, Attorney General, in their official capacities, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| ALPHA CENTER, BLACK HILLS CRISIS PREGNANCY CENTER, d/b/a Care Net, DR. GLENN RIDDER, M.D., and ELEANOR D. LARSEN, M.A., L.S.W.A., | ) ) ) ) ) ) | |
| Intervenors. | ) | |

Plaintiffs move the court to strike or disregard specific paragraphs in intervenors' amended Rule 56.1 statement of material facts as to which there is no genuine issue to be tried (intervenors' amended Rule 56.1 statement). This court previously granted a similar motion of plaintiffs and directed intervenors to revise and refile their Rule 56.1 statement of undisputed material facts. See Docket 295. Intervenors oppose the motion. The motion is granted in part and denied in part.

## I. Relevance of Certain Statements

Plaintiffs argue that there are at least nine paragraphs that consist of material not cited in intervenors' brief and therefore these statements are immaterial to intervenors' motion. Plaintiffs contend that as a result, the court should strike these paragraphs from intervenors' amended Rule 56.1 statement. Intervenors respond that these nine paragraphs are relevant and that they rely upon these paragraphs to make their arguments.

### A. Paragraph 83

Paragraph 83 of intervenors' amended Rule 56.1 statement states: "Planned Parenthood provides no services that help a woman keep her relationship with her child, they only involve themselves in terminating that relationship." Docket 296 at 32. In their response, plaintiffs objected to the use of the term "relationship" as vague and undefined and also argued that it was immaterial to intervenors' motion. Docket 302 at 68. Plaintiffs further responded by explaining the types of services Planned Parenthood provides for patients. Docket 302 at 18-19.

After reviewing intervenors' brief in support of their motion for partial summary judgment, the court finds that intervenors did not cite paragraph 83 in support of any of their arguments. See Docket 308. In their amended Rule 56.1 statement, intervenors indicate that this statement supports the contention that a pregnant mother has an existing relationship with her unborn child/fetus/embryo in which she has a personal interest. Docket 296 at 31-32. But paragraph 83 does not support this contention. It merely assumes a relationship between a woman and an embryo or fetus and does

not explain why a woman does in fact have a relationship with an embryo or fetus. As such, the court finds that paragraph 83 is not relevant to intervenors' motion and is hereby stricken from their amended Rule 56.1 statement.

**B.     Paragraph 85**

Paragraph 85 of intervenors' amended Rule 56.1 statement states: "The human embryos and human fetuses that are aborted at the Planned Parenthood facility in Sioux Falls range in age from a minimum of three weeks post-conception to a maximum of six weeks post-conception for medical abortions, and a minimum of four weeks post-conception to a maximum of eleven weeks and six days post-conception for surgical abortions." Docket 296 at 33-34. In their response, plaintiffs point out that this statement is not cited in intervenors' motion for partial summary judgment. Docket 302 at 69.

After reviewing intervenors' brief in support of their motion for partial summary judgment, the court also finds that intervenors did not cite paragraph 85 in support of any their arguments. See Docket 308. In their amended Rule 56.1 statement, intervenors indicate that this statement supports the contention that the embryo or fetus aborted by Planned Parenthood is a member of the species Homo sapiens as a matter of scientific fact. Docket 296 at 33-34. But the actual stage of growth of the embryos and fetuses is not material to the disposition of this case. In fact, the statute at issue defines "human being" as "an individual living member of the species of Homo sapiens, including the unborn human being during the entire

3

embryonic and fetal ages from fertilization to full gestation." SDCL 34-23A-1(4). Because the statutory definition provides that the human embryos and human fetuses discussed by intervenors in paragraph 85 are members of the Homo sapiens species, and the court must determine the constitutionality of the statute as written, these facts are not relevant to its decision. Therefore, paragraph 85 is stricken from intervenors' amended Rule 56.1 statement.

### C. Paragraph 86

Paragraph 86 of intervenors' amended Rule 56.1 statement states: "Planned Parenthood admits that they have never done an emergency abortion at its Sioux Falls facility and they have never done an abortion because of a serious risk to the health of the pregnant mother." Docket 296 at 34. In their response, plaintiffs contend that this statement is not relevant to intervenors' motion for partial summary judgment. Docket 302 at 70.

After reviewing intervenors' brief in support of their motion for partial summary judgment, the court finds that intervenors did not cite paragraph 86 in support of any of their arguments. See Docket 308. In their amended Rule 56.1 statement, intervenors, again, indicate that this statement supports the contention that the embryo or fetus aborted by Planned Parenthood is a member of the species Homo sapiens as matter of scientific fact. Docket 296 at 33-34. Whether Planned Parenthood performs emergency abortions or abortions based upon the mother's health is not relevant to whether an embryo or fetus is a member of the Homo sapiens species. Further, as discussed above, the issue before the court based upon the parties' motions for summary judgment is the constitutionality of the statute as written.

Because the statute indicates that human embryos and fetuses fall within the scope of the Homo sapiens species, paragraph 86 is not relevant and should be stricken from intervenors' amended Rule 56.1 statement.

### D. Paragraphs 106-110, Paragraph 112

Paragraphs 106-110 and paragraph 112 of intervenors' amended Rule 56.1 statement all relate to the opinions of plaintiffs' doctors and experts. More specifically, paragraph 106 of intervenors' amended Rule 56.1 statement states: "Planned Parenthood's Dr. Van Oppen's 'opinion' that in his personal view one isn't a 'human being' until the child is 'weaned' from his or her mother, often at about the post-natal age of two years, **but** only if the child's parents consider him or her a human being and welcome the child into the family of human beings is non-scientific subjective philosophy." Docket 296 at 48. Paragraph 107 states: "Planned Parenthood physician Dr. Peter D'Ascoli's 'opinion,' that in his view an infant is a human being only if the parents want the child, consider it a human being, and welcome it into the community, is non-scientific subjective philosophy." Docket 296 at 48-49. Paragraph 108 states: "Plaintiff, Dr. Carol Ball, opines that because it cannot be said at what point in the life of a human organism that he or she can be referred to as a human being, she disagrees that the court reporter who transcribed her deposition testimony is a human being as a matter of biological fact; she disagrees that a child is a human being as a matter of biological fact one year after live birth; and she disagrees that there is a human being as a matter of biological fact following the live birth of the unborn child." Docket 296 at 49. Paragraph 109 states: "Planned Parenthood

5

doctor, Miriam McCreary states that she 'believes the life of a human being ***occurs*** when the infant is born into the world,' is a non-scientific philosophical statement. Docket 296 at 49. Paragraph 110 states: "Plaintiffs' expert Dr. Scott Moses' 'opinion,' that after he delivers a child, the child is not a human being while the baby is entirely out of the mother's body and he is holding the baby and even during the time the mother is holding her baby, because he claims the 'status' as human being 'transfers' when he clamps the cord, but before he cuts the cord, is a non-scientific statement of subjective philosophy." Docket 296 at 49. Finally, paragraph 112 states: "Plaintiffs' expert, Dr. Lee Silver, although offered as an expert to explain the meaning of terms and the term 'human being,' admitted that he's 'not sure how to define any word.' " Docket 296 at 50. In their response, plaintiffs assert that these statements are not relevant to intervenors' motion. Docket 302 at 80-83.

After reviewing intervenors' brief in support of their motion for partial summary judgment, the court finds that intervenors did not cite paragraphs 106-110 or paragraph 112 in support of any of their arguments. See Docket 308. In their amended Rule 56.1 statement, intervenors indicate that these statements support the fact that the opinions of plaintiffs' doctors and experts about what stage of development an organism becomes a "human being" are personal subjective opinions, not scientific opinions. Docket 296 at 48-50. But the opinions of plaintiffs' doctors and experts about when an organism becomes a "human being" is immaterial because the statute at issue defines "human being." See SDCL 34-23A-1(4). Indeed, the Eighth Circuit recognized that the statute provided a limiting definition of human being and that once

6

one accepts that the statutorily required biological disclosure must take into account the limiting definition, such disclosure is truthful and relevant. Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds, 530 F.3d 724, 735 (8th Cir. 2008). As a result, paragraphs 106-110 and paragraph 12 are stricken from intervenors' amended Rule 56.1 statement.

In sum, because paragraphs 83, 85, 86, 106-110, and 112 are not relevant to intervenors' legal arguments contained within their motion for partial summary judgment, they are stricken from their amended Rule 56.1 statement.

## II.  Statements Related to Suicide and Suicide Ideation

Plaintiffs contend that despite this court's directive to delete statements in relation to suicide and suicide ideation, intervenors still included such statements in their amended Rule 56.1 statement. Intervenors urge that these statements are not made to support the accuracy of the "suicide" disclosures, but instead are made to support the relevance of the "human being" and "relationship" disclosures.

### A.  Paragraph 3

Paragraph 3 of intervenors' amended Rule 56.1 statement states: "Each of the women who testified, never having been properly counseled, thereafter became depressed, many so severely as to have episodes of suicidal ideation." Docket 296 at 2-3. Intervenors cite this statement to support the contentions that after studying the experience of women who had abortions, the South Dakota legislature decided to pass the statute at issue and that when passing the statute, the South Dakota legislature considered the new evidence which

7

demonstrated that many abortions are uninformed or involuntary. Docket 308 at 2. But intervenors never link this statement to the biological and relationship disclosures. Rather, it logically follows that this statement was intended to support the suicide disclosure. Intervenors did not move for summary judgment in relation to the suicide disclosure and therefore such statement is not relevant and is stricken from their amended Rule 56.1 statement.

  **B. Paragraph 8**

Paragraph 8 of intervenors' amended Rule 56.1 statement states: "The legislators also heard from a nurse who performed counseling for women who had undergone abortions, who testified over 50% of these women have admitted to having suicidal thoughts or even actions, and that over 75% have admitted to engaging in self-destructive or punishment types of behaviors as a result of poor abortion counseling." Docket 296 at 4. Intervenors represent that they rely on this statement to support the notion that the South Dakota legislature considered these facts before passing the statute at issue. Docket 308, at 2-4. The intervenors never link this statement to the biological and relationship disclosures. Consequently, this statement relates to the suicide disclosure and is stricken from intervenors' amended Rule 56.1 statement.

  **C. Paragraph 26**

Paragraph 26 of intervenors' amended Rule 56.1 statement states: "Kate Looby is **<u>not</u>** a licensed counselor and is **<u>not</u>** trained to recognize risk factors for depression or whether a woman is at risk of suicide ideation." Docket 296 at 11. Intervenors rely on this statement to support the argument that when

8

passing the statute at issue, the South Dakota legislature considered evidence that many abortions are uninformed and involuntary. Intervenors further cite this paragraph when asserting that there is no meaningful counseling at the Planned Parenthood facility in Sioux Falls. Docket 308 at 5. Again, nothing in this statement connects it to the biological or relationship disclosures. Instead, the explicit mention of suicide ideation without linking it to any disclosures in the statute supports a finding that such statement is actually a statement made to support the suicide disclosure. Because intervenors did not move for summary judgement with regards to the suicide disclosure, this statement does not belong in their amended Rule 56.1 statement and is stricken.

### D. Paragraph 84

Paragraph 84 of intervenors' amended Rule 56.1 statement states: "If the women received the disclosures set forth in HB 1166, in a proper manner, a large percentage of women would not submit to the abortions that they are induced to undergo, and when they later learn that they had a child that was killed, they become depressed and suicidal." Docket 296 at 33. In their response, plaintiffs allege that such a declaration does not completely or accurately portray the evidence. Plaintiffs emphasize that testimony indicates that women typically know they are carrying a baby when they are pregnant. Here, the statement focuses on the general allegation that after women obtain abortions, they become depressed or suicidal. Intervenors did not move for summary judgment regarding the suicide disclosure and therefore are not

9

entitled to include factual statements about this disclosure in their amended Rule 56.1 statement. Accordingly, paragraph 84 is stricken.

In sum, paragraphs 3, 8, 26, and 84 are stricken from intervenors' amended Rule 56.1 statement because they relate to the suicide disclosure and intervenors did not move for summary judgment regarding the suicide disclosure.

### III. Argumentative Statements

Plaintiffs argue that intervenors have included numerous paragraphs in their amended Rule 56.1 statement that contain arguments instead of facts. Intervenors respond that the fact that some of these paragraphs are conclusory does not make them argumentative and that these paragraphs are factual in nature.

#### A. Paragraph 14

Paragraph 14 of intervenors' amended Rule 56.1 statement states: "One theme that ran through the testimony of virtually all the witnesses, both the lay witnesses and the experts, was the significance of the mother-child relationship and that it was the severing of the relationship that caused the women such pain." Docket 296 at 5. Here, while the documents cited by intervenors in support of this statement do indicate that these individuals view the mother-child relationship as significant, counsel actually created paragraph 14 based upon his review of the individuals' testimony. The fact that intervenors' counsel believes that there is a "theme" that runs through the testimony of witnesses does not necessarily mean that others believe that there is a "theme" present. This statement, which represents counsel's view of

10

the evidence in this case, is an argument, not a fact. As such, paragraph 14 is to be stricken from the record.

### B. Paragraph 29

Paragraph 29 of amended Rule 56.1 statement states: "Ms. Looby doesn't even possess a rudimentary knowledge of fetal development, as witnessed by the fact that she does not even know at what age a human embryo first has a beating heart, and she believed that human beings have only 13 pairs of chromosomes." Docket 296 at 12. The second part of this sentence, which states that Ms. Looby did not know at what age a human embryo first has a beating heart and believed that human beings only have 13 pairs of chromosomes is factual, not argumentative. In fact, her deposition transcript demonstrates that she affirmatively stated or answered questions to this effect. But the first part of this sentence, which states that Ms. Looby does not possess a rudimentary knowledge of fetal development, is argumentative. While intervenors' counsel may believe that Ms. Looby does not possess a rudimentary knowledge of fetal development, others may believe that she does. Because this is the opinion of intervenors' counsel, based upon his review of Ms. Looby's deposition testimony, it is argumentative. Thus, the first part of paragraph 29 that states that "Ms. Looby doesn't even possess a rudimentary knowledge of fetal development" is stricken from intervenors' amended Rule 56.1 statement.

### C. Paragraph 30

Paragraph 30 of intervenors' amended Rule 56.1 statement states: "Ms. Looby admits that she is not competent to make a judgment as to whether or not information as rudimentary as Carnegie Stages of Fetal Development would be significant to women in making a decision of whether or not to submit to an abortion procedure." Docket 296 at 12. Paragraph 30 is a factual statement for the most part, except for counsel's opinion that Carnegie stages of fetal development is rudimentary information, which is argumentative. Therefore, the assertion that Carnegie Stages of Fetal Development is rudimentary information is stricken from intervenors' amended Rule 56.1 statement.

### D. Paragraph 47

Paragraph 47 of intervenors' amended Rule 56.1 statement states: "Dr. Ball has not read and is not aware of any major studies that provide evidence that an abortion places a woman at risk of psychological harm published in the past ten years in upper echelon peer reviewed medical journals." Docket 296 at 15. As pointed out by plaintiffs, Dr. Ball testified that she had not read the specific studies cited by intervenors' counsel; however, intervenors' counsel is the one that characterized these studies as "published in the past ten years in upper echelon peer reviewed medical journals." Once again, because counsel has interjected his own opinion into paragraph 47, the court finds that it is argumentative rather than factual in nature and it is to be stricken from intervenors' amended Rule 56.1 statement.

12

**E.     Paragraph 71**

Paragraph 71 of intervenors' amended Rule 56.1 statement states: "There is never a true physician-patient relationship between the woman and the physician because since the surgery is scheduled without anyone consulting the doctor; the consent is taken without counseling or the doctor ever seeing the patient; the woman pays for the abortion before she sees a counselor or physician; the physician does not see the patient before or after the abortion is done; the physician does not voluntarily counsel the woman; the physician does not do any follow-up and typically the doctor only sees the woman for five to ten minutes in the woman's entire life."  Docket 296 at 25. Paragraph 71 is a factual statement for the most part; however, there is a phrase that constitutes an opinion of intervenors' counsel.  Within paragraph 71, intervenors' counsel opines that a true physician-patient relationship is not formed between the woman and the doctor performing the abortion. Although the subsequent information found in paragraph 71 may support this contention, intervenors' counsel came to this conclusion, which is actually a legal issue for the court to decide.  As such, this portion of paragraph 71 is stricken from intervenors' amended Rule 56.1 statement.

**F.     Paragraph 72**

Paragraph 72 of intervenors' amended Rule 56.1 statement states: "The fact that Planned Parenthood does not volunteer any information about the unborn child is compounded by the fact that Plaintiffs use dehumanizing, and medically incorrect language that is misleading, when referring to the unborn child, ('Remove the pregnancy,' 'the pregnancy tissue,' and 'multiple

13

pregnancies')." Docket 296 at 26. Portions of paragraph 72 are factual while other portions are argumentative. The factual part of paragraph 72 includes the idea that Planned Parenthood does not volunteer any information about the unborn child and that plaintiffs use phrases, such as "remove the pregnancy," "the pregnancy tissue," and "multiple pregnancies." But intervenors' characterization of plaintiffs' choice of terms as "dehumanizing" and "medically incorrect" is argument, not fact. Indeed, it represents the viewpoints of intervenors' counsel. It follows that these phrases are stricken from intervenors' amended Rule 56.1 statement.

### G. Paragraph 73

Paragraph 73 of intervenors' amended Rule 56.1 statement states: "The Planned Parenthood physicians, by necessity, to discharge their duty to a woman, must discuss legal issues because the pregnant mother's decision is essentially a non-medical decision, despite the fact she shall employ a medical procedure to achieve a non-medical result - the termination of her relationship with her child." Docket 296 at 28. This is not a factual statement but rather is an argumentative statement. To support paragraph 73, intervenors cite the declaration of Dr. T. Murphy Goodwin, a Professor of Obstetrics & Gynecology and Pediatrics at the University of Southern California School of Medicine as well as the Chief of the Division of Maternal-Fetal Medicine at the Women's & Children's Hospital, University of South California. While Dr. Goodwin is a medical doctor and therefore qualified to give a medical opinion, he is not trained in law and therefore cannot give an opinion as to what legal issues a doctor has a duty to discuss with his patient.

Accordingly, paragraph 73 is really the opinion of intervenors' counsel, thereby making it argumentative. As such, paragraph 73 is stricken from intervenors' amended Rule 56.1 statement.

### H. Paragraph 74

Paragraph 74 of intervenors' amended Rule 56.1 statement states: "The woman who has an abortion uses a medical procedure to achieve the result of terminating her relationship with her child; while the woman who surrenders her child to adoption uses a legal procedure to achieve the termination of that relationship." Docket 296 at 28. In their response, plaintiffs state that they do not dispute that an abortion is a medical procedure that terminates the existence of an embryo or fetus and thus any biological connection between the pregnant woman and that embryo or fetus. Docket 302 at 61. Accordingly, the true dispute presented by these statements is whether a relationship exists between a mother and her unborn embryo or fetus. The court does not find it necessary to strike paragraph 74 from intervenors' amended Rule 56.1 statement on the basis that it is argumentative. When ruling on the parties' motions for summary judgment, the court will consider both intervenors' statement and plaintiffs' response disputing that statement.

### I. Paragraph 76

Paragraph 76 of intervenors' amended Rule 56.1 statement states: "The physician who has a pregnant woman as a patient has two separate patients and has a duty to both the mother and the child." Docket 296 at 29. This is an argumentative statement. The issue of duty is a legal question for the court to decide, not a factual issue to be decided by the fact-finder. Because

15

this statement articulates what duties are owed to whom, it invades the province of the court and is stricken from intervenors' amended Rule 56.1 statement.

### J. Paragraph 77

Paragraph 77 of intervenors' amended Rule 56.1 statement states: "The doctor has a duty to disclose to the pregnant mother the adverse consequences of a procedure upon the mother's unborn child." Docket 296 at 29. Like paragraph 76, paragraph 77 is an argumentative statement. As noted above, whether a person has a duty and the scope of that duty is decided by the court. Therefore, paragraph 77 has made a legal statement, not a factual statement, and it is stricken from intervenors' amended Rule 56.1 statement.

### K. Paragraph 80

Paragraph 80 of intervenors' amended Rule 56.1 statement states: "Often women who are considering an abortion at an abortion clinic are in a state of crisis, do not know that a human being already exists and the procedure will terminate the life of a human being (in the biological sense), are being pressured to have the abortion by her unborn child's father or someone else, and do not understand their options." Docket 296 at 30. The court finds that this is a factual statement and does not contain any argument. It is evident to the court that based upon plaintiffs' response to paragraph 80, plaintiffs dispute this factual contention. See Docket 302 at 64-66. Accordingly, the court does not find it necessary to strike paragraph 80 from intervenors' amended Rule 56.1 statement on the basis that it is

argumentative. When ruling on the parties' motions for summary judgment, the court will consider both intervenors' statement and plaintiffs' response disputing that statement.

### L. Paragraph 81

Paragraph 81 of intervenors' amended Rule 56.1 statement states: "During pregnancy there is an existing relationship between the pregnant woman and her unborn fetus or embryo (regardless of the particular term used to refer to that offspring, 'fetus,' 'embryo,' 'unborn child' or 'human being')." Docket 296 at 31. Intervenors failed to define relationship in this assertion. As plaintiffs point out, intervenors' assertion of an "existing relationship" is constitutionally problematic and the court must determine if the use of such a term is truthful and non-misleading. It follows that, without defining the term relationship, this statement is argumentative and is stricken from intervenors' amended Rule 56.1 statement.

### M. Paragraph 82

Paragraph 82 of intervenors' amended Rule 56.1 statement states: "An abortion procedure terminates the relationship between a pregnant woman and her unborn child/fetus/embryo by killing the fetus or embryo." Docket 296 at 32. Similar to paragraph 81, paragraph 82 fails to define the term "relationship." As discussed above, a statement about a "relationship," without defining the term, is making a legal assertion about the constitutionality of the statute. It is the court's responsibility to determine what "relationship" means as it is used within the statute and whether a "relationship" between a mother and unborn embryo or fetus exists.

17

Therefore, paragraph 82 does not provide any facts but rather provides legal argument and is stricken from intervenors' amended Rule 56.1 statement.

**N.    Paragraph 92**

Paragraph 92 of intervenors' amended Rule 56.1 statement states, "The embryo or fetus is a separate member of the species *Homo sapiens* and in the context of the statutory disclosure, it is undeniable that the embryo or fetus is a different member of the species *Homo sapiens* than his or her mother (or another member)." Docket 296 at 37. In their response, plaintiffs stated that they "do not dispute that the human embryo or fetus, although intimately physically connected to its mother throughout pregnancy, will be different than his or her mother." Docket 302 at 73. Plaintiffs further explain that "[t]o the extent there is any disagreement over this fact . . . it is not a disagreement that affects the ability of the Court to resolve the claims applicable to section 7(1)(b) on summary judgment." Id. Based upon this, the court finds it is unnecessary to strike intervenors' paragraph 92. Plaintiffs have adequately responded to intervenors' assertion and the court will consider both intervenors' and plaintiffs' statements as to whether the embryo or fetus is a different member of the Homo sapiens species than the mother. Thus, paragraph 92 will remain as written.

**O.    Paragraph 102**

Paragraph 102 of intervenors' amended Rule 56.1 statement states: "Some people may, at times, use the term 'human being' with a meaning other than the usual biological meaning, but that does not alter the fact that the term 'human being' is (1) the only term available to connote a member of

18

the species *Homo sapiens*; and (2) it is mostly used in the biological sense and is appropriate in every way." Docket 296 at 43. Paragraph 102 is a factual statement for the most part, but there is a phrase that constitutes an opinion of intervenors' counsel. Within paragraph 102, intervenors' counsel opines that the term "human being," as used in the biological sense, is appropriate in every way. This is not a factual statement but rather an opinion held by intervenors' counsel and thus should be stricken from intervenors' amended Rule 56.1 statement. The remaining portion of paragraph 102 is factual in nature and plaintiffs' response to such portions indicates that they dispute the accuracy of these facts.

In sum, paragraphs 14, 47, 73, 76, 77, 81, and 82 are completely stricken from intervenors' amended Rule 56.1 statement. Further, paragraphs 29, 30, 71, 72, and 102 are stricken from intervenors' amended Rule 56.1 statement in part as explained in the above discussion. Finally, paragraphs 74, 80, and 92 will remain in intervenors' amended Rule 56.1 statement as written.[1]

## IV. Non-Material Statements and Overlong, Multiple Statements

Plaintiffs contend that various additional paragraphs contained within intervenors' amended Rule 56.1 statement should be stricken because they are immaterial or overlong and multiplicious. But their motion, as based upon these two assertions, is not necessary. See Stark v. PPM America, Inc.,

---

[1] As explained above, paragraphs 83 and 84 should be stricken from intervenors' amended Rule 56.1 statement for reasons other than allegedly being argumentative.

2002 WL 31155083, at *3 (N.D. Ill. Sept. 26, 2002) (finding that a motion to strike was unnecessary because the court could examine the factual statements and determine which facts should be considered). The court is capable of sorting through the parties' factual statements and deciding which facts are material and should be considered and which facts are immaterial and should not be considered. Further, the court can also sift through the long statements containing numerous citations in order to ascertain the truthfulness and relevance of these statements. In fact, that is exactly what the court is required to do when ruling on summary judgment motions. Because the court is simultaneously ruling on the parties' summary judgment motions and plaintiffs' motion to strike intervenors' amended Rule 56.1 statement, the court finds it unnecessary to decide plaintiffs' motion to strike based upon the arguments that the statements are not material or that the statements are overlong and contain multiple ideas. Accordingly, this portion of plaintiffs' motion to strike is denied as moot.

Based on the foregoing, it is hereby

ORDERED that plaintiffs' motion to strike portions of intervenors' amended Rule 56.1 statement of material facts as to which there is no genuine issue to be tried (Docket 303) is granted in part and denied in part.

Dated August 20, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE